ZINTER, Justice
(dissenting).
[¶ 36.] I join Justice Meierhenry’s dissent regarding the Court’s disregard of the abuse of discretion standard of review. The Court’s analysis is perplexing because it concedes that the circuit court did consider the relevant factors, see supra ¶¶ 14-15, the circuit court’s written opinion reflects that it also balanced all of those factors in arriving at its decision, yet this Court holds it abused its discretion. I also write to highlight that the Court has substituted its judgment for that of the circuit court on a disputed issue of fact, and point out that the Court only considers one relevant factor (contribution to the inherited property) while conceding that there are “several factors ... to consider when dividing marital property.” See supra ¶ 11 (citing Novak v. Novak, 2006 SD 34, ¶ 4, 713 N.W.2d 551, 552 and Billion v. Billion, 1996 SD 101, ¶ 18, 553 N.W.2d 226, 231) (emphasis added).
[¶ 37.] Notwithstanding our multifactor approach to deciding this issue, the majority reverses on one isolated factor: this Court’s perceived failure of the circuit court to correctly find the extent of Lawrence’s contribution to the inherited assets, a finding involving a highly disputed question of fact at trial. See supra ¶ 22. This is contrary to our long-standing approach in these cases. See Billion, 1996 SD 101 at ¶ 21, 553 N.W.2d at 232.
[¶ 38.] It is also contrary to the use of the multifactor approach itself. In other contexts, we have repeatedly emphasized that no one factor should be determinative. Great West Casualty Co. v. Bergeson, 1996 SD 73, ¶ 6, 550 N.W.2d 418, 420 (stating that when determining whether an employment relationship exists “[n]o single factor can be determinative; each case must be decided on its own facts.”). Similarly, in our family law cases, we frequently find no abuse of discretion if the circuit court considered all relevant factors. See Christians v. Christians, 2001 SD 142, ¶ 19, 637 N.W.2d 377, 381 (affirming alimony award when findings supported by the record “show[ed] a consideration of all factors”); Arneson v. Arneson, 2003 SD 125, ¶ 26, 670 N.W.2d 904, 914 (concluding circuit court did not abuse its discretion when “the court properly considered the relevant factors in making its custody determination”). In fact, under the multifactor approach, all factors need not be considered as long as “the decision [is] balanced and methodical.” Zepeda v. Zepeda, 2001 SD 101, ¶ 13, 632 N.W.2d 48, 53 (affirming circuit court’s child custody order). There is nothing balanced and methodical, however, about today’s opinion deciding a case on only one factor to the exclusion of all others, especially where that factor involves a disputed issue of fact.
[¶ 39.] If these are the new standards of appellate review, the bench and bar should be advised that we have abandoned the multifactor approach to deciding when inherited property should be excluded from the marital estate and that findings of fact will be reviewed de novo based upon how we perceive a circuit court should have decided a disputed issue of fact at trial. The Court should also acknowledge that under its analysis it has effectively overruled Novak and Billion.